FILED IN OPEN COURT
U.S.D.C. ATLANTA

Date: _Jan 04 2021_

JAMES N. HATTEN, Clerk

By: _s/Brittney Walker_

Deputy Clerk

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION
## CRIMINAL NO. 1:20-cr-00493-JPB

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant NHA THUOC HOA DA, LLC enter into this plea agreement as set forth below in Part IV pursuant to Rules 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure. NHA THUOC HOA DA, LLC, Defendant, having received a copy of the above-numbered Information and having been arraigned, hereby pleads GUILTY to the Information.

## I.  ADMISSION OF GUILT

1. The Defendant admits that it is pleading guilty because it is in fact guilty of the crime(s) charged in the Information.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, it is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving it guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against it. If the Defendant wished, it

could testify on its own behalf and present evidence in it defense, and it could subpoena witnesses to testify on its behalf. If, however, the Defendant did not wish to testify, that fact could not be used against it, and the Government could not compel it to incriminate itself. If the Defendant were found guilty after a trial, it would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, it is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that it ordinarily would have the right to appeal it sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack it conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, it may have to answer, under oath, questions posed to it by the Court concerning the rights that it is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against it in a prosecution for perjury or false statements.

## III.    ACKNOWLEDGMENT OF PENALTIES

7. The Defendant understands that, based on it plea of guilty, it will be subject to the following maximum and mandatory minimum penalties:

2

**As to the sole charge in the Information (Receipt of Misbranded Drugs in Interstate Commerce and Delivery Thereof-21 U.S.C. §§ 331(c) and 333(a)(2))**

    a. Maximum term of probation: 5 years.

    b. Maximum fine: $500,000.00, or twice the gross gain, due and payable immediately.

    c. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

    d. Mandatory special assessment: $400.00, due and payable immediately.

    e. Forfeiture of any quantities of drugs which were misbranded when received in interstate commerce, or while in interstate commerce, or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which were introduced into interstate commerce.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in the above paragraph and that no one can predict it exact sentence at this time.

3

## IV.   PLEA AGREEMENT

9. The Defendant, it counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### No Additional Charges

10. The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which it is pleading guilty.  The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

### Sentencing Guidelines Recommendations

11. Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations.

**Base/Adjusted Offense Level**

12. The Government agrees to recommend and the Defendant agrees that:

    a.   The applicable offense guideline is Section 2B1.1.

    b.   The Defendant receive the 14-level upward adjustment for a loss amount more than $500,000 but less than $1,500,000 pursuant to Section 2B1.1(b)(1)(H).

    c.   The Defendant receive the 2-level upward adjustment for an offense involving sophisticated means pursuant to Section 2B1.1(b)(10)(C).

4

**Acceptance of Responsibility**

13. The Government will recommend that the Defendant receive an offense level adjustment for acceptance of responsibility, pursuant to Section 3E1.1, to the maximum extent authorized by the guideline. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize the Defendant's involvement in relevant offense conduct, give conflicting statements about the Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

## Right to Answer Questions, Correct Misstatements, and Make Recommendations

14. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the parties also reserve the right to make recommendations regarding application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

## Right to Modify Recommendations

15. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

## Sentencing Recommendations

**Specific Sentence Recommendation**

16. Unless the Defendant engages in conduct inconsistent with accepting responsibility, as described more fully in paragraph 13, the Government agrees to recommend that the Defendant be sentenced to a term of probation of one year.

**Organizational Fine**

17. The Defendant understands that the amount of fine, if any, will be determined at or before sentencing. The Defendant also agrees to cooperate fully in the investigation of the amount of the fine, including the Defendant's ability to pay the fine, if any.

**Restitution**

18. The Government agrees to recommend that restitution not be imposed because, pursuant to Section 8B1.1(b)(2)(B), determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

**Forfeiture**

19. The Defendant acknowledges that pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c), the Government is entitled to the immediate forfeiture of any quantities of drugs which were misbranded when received in interstate commerce, or while in interstate commerce, or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which were introduced into interstate commerce, in violation of Title 21, United States Code, Section 331.  However, because such items have been transferred, or sold to, third parties, pursuant to 21 U.S.C. § 853(p), the Defendant agrees to the substitution of the following assets for forfeiture, which the parties agree represents up to the value of the directly forfeitable property:

  a.  FUNDS:

     i.  $12,529.29 in U.S. Currency (Asset ID # 18-FDA-000123), seized on or about August 22, 2018, from Bank of America personal checking account ending 8357, held in the names of Tuyet Nguyen and Vu Trinh; and,

     ii. $34,403.63 in U.S. Currency (Asset ID # 18-FDA-000124),  seized on or about August 22, 2018, from Metro City Bank personal checking account ending 5117, held in the name of Tuyet Nguyen.

  b. PERSONAL PROPERTY: One Men's Rolex Watch, Serial # OCOP2016 (Asset ID # 18-FDA-000122), seized on or about August 22, 2018, from 3141 Barkley Square Drive, Duluth, Georgia 30097.

  c. MONEY JUDGMENT:  A personal forfeiture money judgment against the Defendant in the amount of $1,000,000.00 (One Million Dollars), which represents the proceeds that the Defendant obtained as a result of the offense in Count One of the Information.

(collectively, "Subject Property").

20. The parties agree that the money judgment referred to immediately above shall be paid as follows: $500,000.00 (Five Hundred Thousand Dollars) shall be paid via cashier's check made payable to U.S. Marshal's Service at or before the time of sentencing.  The remaining $500,000 (Five Hundred Thousand Dollars) shall be paid via cashier's check made payable to U.S. Marshal's Service within 180 days after the date the Judgment is entered.

21. The Defendant waives and abandons all right, title, and interest in all of the property listed above (collectively, the "Subject Property") and agrees to the administrative or judicial forfeiture of the Subject Property.  In addition, the Defendant waives and abandons its interest in any other property that may have been seized in connection with this case.  The Defendant agrees to the

8

administrative or judicial forfeiture or the abandonment of any such seized property.

22. The Defendant states that it is the sole and rightful owner of the Subject Property, that to the best of its' knowledge no other person or entity has any interest in the Subject Property and that he has not transferred, conveyed, or encumbered his interest in the Subject Property.  The Defendant agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property, including providing and endorsing title certificates, or causing others to do the same where third parties hold nominal title on the Defendant's behalf, to a person designated by the United States. The Defendant agrees to take all steps necessary to ensure that the Subject Property is not hidden, sold, wasted, destroyed, or otherwise made unavailable for forfeiture.  The Defendant agrees not to file any claim, answer, or petition for remission or restitution in any administrative or judicial proceeding pertaining to the Subject Property, and if such a document has already been filed, the Defendant hereby withdraws that filing, including any claims to the Subject Property in the related civil forfeiture action, *United States v. $12,529.29 in U.S. Currency, et al.*, Civil Action No. 1:19-cv-02084-MHC, which is presently pending in the United States District Court for the Northern District of Georgia.

23. The United States agrees to move to dismiss the related civil forfeiture action, *United States v. $12,529.29 in U.S. Currency, et al.*, Civil Action No. 1:19-cv-02084-MHC, within five (5) business days after the date the Judgment is entered as to the Information.

24. The Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. The Defendant acknowledges that the United States will dispose of any seized property, and that such disposal may include, but is not limited to, the sale, release, or destruction of any seized property, including the Subject Property. The Defendant agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, a Section 2255 petition, habeas corpus, or any other means) to the seizure, forfeiture, and disposal of any property seized in this case, including the Subject Property, on any grounds.

25. The Defendant acknowledges that it is not entitled to use forfeited assets, including the Subject Property, to satisfy any fine, restitution, cost of imprisonment, tax obligations, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. However, the United States Attorney's Office for the Northern District of Georgia will recommend to the Chief of the Money Laundering and Asset Recovery Section (MLARS) of the United States Department of Justice that property forfeited in this case, or any related civil forfeiture case, be used to compensate the victim(s) specified in the restitution order, provided that the Government determines that the requirements for restoration as set forth in MLARS Asset Forfeiture Policy Manual (2019), Section II.B.3, are met. The Defendant understands that the decision on any petition for remission or request for restoration is not within the ultimate control of the

10

United States Attorney's Office, and that final approval for any restoration decisions is retained by MLARS.

26. The Defendant consents to the Court's entry of a preliminary order of forfeiture, including provisions related to the forfeiture of substitute assets as detailed in Paragraph 19, which will be final as to it, a part of his sentence, and incorporated into the judgment against it.

<u>**Financial Cooperation Provisions**</u>

**Special Assessment**

27. The Defendant agrees that it will pay a special assessment in the amount of $400 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, by the day of sentencing. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney upon payment thereof.

**Fine/Restitution - Terms of Payment**

28. The Defendant agrees to pay any fine and/or restitution, plus applicable interest, imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, it agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution.

11

The Defendant understands that this payment schedule represents a minimum obligation and that, should the Defendant's financial situation establish that it is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and it counsel agree that the Government may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of it counsel.

**Financial Disclosure**

29. The Defendant agrees that the Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $10,000 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that the Defendant's failure to comply with this provision of the Plea Agreement should result in the Defendant receiving no credit for acceptance of responsibility.

30. The Defendant agrees to cooperate fully in the investigation of the amount of forfeiture, restitution, and fine; the identification of funds and assets in which it has any legal or equitable interest to be applied toward forfeiture, restitution, and/or fine; and the prompt payment of restitution or a fine.

31. The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within ten days

12

of the change of plea hearing; (B) submitting to a financial deposition or interview (should the Government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within its possession or control requested by the Government regarding its financial condition and that of its household; (D) fully and truthfully answering all questions regarding its past and present financial condition and that of its household in such interview(s); and (E) providing a waiver of its privacy protections to permit the Government to access its credit report and tax information held by the Internal Revenue Service.

32. So long as the Defendant is completely truthful, the Government agrees that anything related by the Defendant during its financial interview or deposition or in the financial forms described above cannot and will not be used against it in the Government's criminal prosecution. However, the Government may use the Defendant's statements to identify and to execute upon assets to be applied to the fine and/or restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived in any way from the interview(s)/deposition(s)/financial forms, which could result in the acquisition of evidence admissible against the Defendant in subsequent proceedings. If the Defendant subsequently takes a position in any legal proceeding that is inconsistent with the interview(s)/deposition(s)/financial forms–whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner–the Government may use the Defendant's interview(s)/deposition(s)/financial forms, and all evidence

13

obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's interview(s)/deposition(s)/financial forms to respond to arguments made or issues raised sua sponte by the Magistrate or District Court.

## Recommendations/Stipulations Non-binding

33. The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw it guilty plea or to claim a breach of this Plea Agreement.

## Limited Waiver of Appeal

34. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal it conviction and sentence and the right to collaterally attack it conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement

14

does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

**Miscellaneous Waivers**

**FOIA/Privacy Act Waiver**

35. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

[CONTINUED ON NEXT PAGE]

15

### No Other Agreements

36. There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this _____ day of _____, _____.

_____
SIGNATURE (Defendant's Attorney)
Carl Lietz

**SEKRET SNEED**  Digitally signed by SEKRET SNEED
Date: 2020.11.18
09:42:03 -05'00'
_____
SIGNATURE (Assistant U.S. Attorney)
Sekret T. Sneed

_____
SIGNATURE (Approving Official)
Stephen H. McClain
Chief, Complex Frauds Section

_____
SIGNATURE (Defendant)
Vu Quang Trinh as Authorized
Agent for NHA THUOC HOA DA,
LLC

16

I have the authority to bind and represent NHA THUOC HOA DA, LLC. I
have read the Information against NHA THUOC HOA DA, LLCC and have
discussed it with the attorney who represents NHA THUOC HOA DA, LCC in
this matter. I understand the charges and the elements of each charge that the
Government would have to prove to convict NHA THUOC HOA DA, LCC at a
trial. I have read the foregoing Plea Agreement and have carefully reviewed
every part of it with NHA THUOC HOA DA, LLC's attorney. I understand the
terms and conditions contained in the Plea Agreement, and I voluntarily agree,
on behalf of NHA THUOC HOA DA, LLC, to them. I also have discussed with
NHA THUOC HOA DA, LLC's attorney the rights the company may have to
appeal or challenge any conviction and sentence, and I understand that the
appeal waiver contained in the Plea Agreement will prevent NHA THUOC HOA
DA, LLC, with the narrow exceptions stated, from appealing the conviction and
sentence or challenging the conviction and sentence in any post-conviction
proceeding. No one has threatened or forced me to plead guilty, on behalf of
NHA THUOC HOA DA, LLC, and no promises or inducements have been made
to me other than those discussed in the Plea Agreement. The discussions
between NHA THUOC HOA DA, LLC's attorney and the Government toward
reaching a negotiated plea in this case took place with my permission. I am fully

17

satisfied with the representation provided to NHA THUOC HOA DA, LLC and

to me, as the authorized owner and agent of NHA THUOC HOA DA, LLC, by

the attorney in this case.

_____          12/14/20
SIGNATURE (Defendant)                       DATE
Vu Quang Trinh as Authorized
Agent for NHA THUOC HOA DA,
LLC

18

I am NHA THUOC HOA DA, LLC's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, Vu Quang Trinh, on behalf of my client, NHA THUOC HOA DA, LLC, is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____     12/14/20  _____
SIGNATURE (Defendant's Attorney)     DATE
Carl Lietz


Finch McCranie, LLP
225 Peachtree Street, N.E.
Suite 1700 South Tower
Atlanta, Georgia 30303
404-658-9070


_____State Bar of Georgia Number


Filed in Open Court

This ___ day of _____, 20__

By _____